# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
A. Allegretti, Deputy
11/12/2020 1:18:38 PM
Filing ID 12212829

Person/Attorney Filing: Jeffrey L Grayson
Mailing Address: 100 W Boston St., Suite 7
City, State, Zip Code: Chandler, AZ 85225
Phone Number: (480)330-5734
E-Mail Address: jeff@graysonlawaz.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 027470, Issuing State: AZ



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Daniel McFarland
Plaintiff(s),
v.
Target Corporation
Defendant(s).

Case No. CV2020-096140

**SUMMONS**

To: Target Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Allegretti, Deputy
11/12/2020 1:18:38 PM
Filing ID 12212827

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorneys:**
Jeffrey L Grayson - Primary Attorney
Bar Number: 027470, issuing State: AZ
Law Firm: Grayson Law, PLLC
100 W Boston St., Suite 7
Chandler, AZ 85225
Telephone Number: (480)330-5734
Email address: jeff@graysonlawaz.com

A.J. Mitchell
Bar Number: 021244, issuing State: AZ
Law Firm: Law Office of AJ Mitchell, PLC
Telephone Number: (480)595-6800

**Plaintiff:**
Daniel McFarland

**Defendant:**
Target Corporation
3800 N. Central Avenue Suite 460
Phoenix, AZ 85012

Discovery Tier t2

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Premises Liability

**CV2020-096140**

AZturboCourt.gov Form Set #5144047

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Allegretti, Deputy
11/12/2020 1:18:38 PM
Filing ID 12212825

**GRAYSON LAW, PLLC**
Jeffrey L. Grayson, Esq. (No. 027470)
100 W. Boston St. #7
Chandler, Arizona 85225
Telephone: (480) 535-9650
Facsimile: (480) 535-7641

**LAW OFFICE OF AJ MITCHELL, PLC**
A.J. Mitchell, Esq. (No. 021244)
14555 N. Scottsdale Rd., Suite 170
Scottsdale, AZ 85254
(480) 595.6800 – Telephone
(480) 595.6966 – Facsimile

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DANIEL MCFARLAND, individually, | No. CV2020-096140 |
| Plaintiff, | **COMPLAINT** |
| v. | (Assigned to the Hon. _____) |
| TARGET CORPORATION, a Foreign Corporation; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X, and XYZ PARTNERSHIPS I-X, | (Tort; Non-Motor Vehicle Crash) |
| Defendants. | |

Plaintiff Daniel McFarland, for his cause of action against Defendants, alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.   Plaintiff Daniel McFarland (henceforth "Daniel" or "Mr. McFarland" or "Plaintiff"), a married man, was a resident of Glendale, Maricopa County, Arizona at the time of the incident that gives rise to this complaint.

2.   At all times relevant to this complaint, Defendant Target Corporation (henceforth "Defendant Target") was a foreign corporation, actively engaged in conducting business activities

throughout the state of Arizona and within the county of Maricopa.

3. John Does I-X, Jane Does I-X, their respective spouses, ABC Corporations I-X, and XYZ Partnerships I-X, are principals or agents of Defendants, and are either residents of Maricopa County, Arizona, or are entities that are now, and were at all times hereinafter mentioned, doing business in Maricopa County, Arizona. The names of these defendants are fictitious. Plaintiffs do not know the true names of these defendants, but upon receipt of such information, Plaintiffs will request leave of court to amend this complaint accordingly.

4. All Defendants were either joint tort-feasors with each other and are jointly and severally liable for the acts and omissions described herein, or are otherwise secondarily liable for such acts and omissions, or were the agents, servants, and employees of their remaining co-defendants, and each was at all times acting within the scope of said agency, services, and employment.

5. That all of the acts, conduct and nonfeasance, herein carried out by each and every employee or agent of each and every corporate or business defendant was authorized, ordered and directed by the respective Defendants' corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein-described acts, conduct and nonfeasance of their employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively, ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employees, and agents. In addition, at all times herein relevant, each Defendant, whether named herein or designated as a Doe, was a principal, master, employer and joint venturer of every other Defendant, and every Defendant was acting within the course and scope of said agency, authority, employment and joint venture.

6. The events that give rise to this complaint occurred in Phoenix, Maricopa County, Arizona. Also, at all times relevant to the this complaint, Plaintiff was a resident of the state of Arizona, county of Maricopa and Defendant Target was actively engaged in business activities within the state of Arizona, county of Maricopa therefore jurisdiction and venue are proper.

7. The amount in controversy exceeds the Court's minimum jurisdictional amount.

8. Pursuant to Rule 8 of the Arizona Rules of Civil Procedure, the characteristics of this case, the relative complexity of the anticipated discovery, and the nature of the evidence needed to support Plaintiff's claims are of such a nature as to qualify this matter for Tier Two as defined in Rule 26.2(b)(2).

### GENERAL ALLEGATIONS

9. On or about the 1st day of December 2018, Plaintiff Daniel McFarland visited Target Store #1141 located at 2727 W. Agua Fria Fwy., Phoenix, Maricopa County, Arizona.

10. Target Store #1141 located at 2727 W. Agua Fria Fwy., Phoenix, Maricopa County, Arizona, was owned and operated by Defendant Target Corporation.

11. Plaintiff visited Target Store #1141 on the above-referenced date, as a business invitee, to purchase various housewares and other personal products.

12. While visiting Target Store #1141, Plaintiff walked up and down several aisles in the store, before entering aisle E1, located in or near the toy section of the store.

13. As Plaintiff walked down aisle E1, he encountered a wet, slippery substance on the floor.

14. When Plaintiff stepped on this wet, slippery substance, his foot slipped out from under him and he fell to the ground.

15. Plaintiff suffered injuries as a result of this fall. The injuries suffered by Plaintiff resulted in significant pain and suffering as well as costly medical expenses and other specific and general damages.

**COUNT ONE**

**(Negligence/Premises Liability)**

16. Plaintiff re-alleges and incorporates paragraphs 1 – 15 above as if fully set forth herein.

17. As a premises owner, Defendant Target owed a duty to all visitors onto their premises to use reasonable care to warn of, or safeguard against, unreasonably dangerous conditions of which Defendant Target had notice.

18. The wet, slippery substance on the floor of aisle E1 was an unreasonably dangerous condition.

19. Defendant Target knew or should have known, in the exercise of reasonable care, that the wet, slippery substance on the floor of aisle E1 constituted a dangerous condition which had existed for a significant amount of time.

20. Defendant Target had actual and constructive notice of the unreasonably dangerous condition caused by the slippery wet substance on the floor of aisle E1.

21. Defendant Target failed to use reasonable care to warn patrons of, or safeguard patrons from, the unreasonably dangerous condition in aisle E1 on their premises.

22. Plaintiff slipped, fell, and sustained injuries as a result of Defendant Target's failure to exercise reasonable care.

23. As such, Defendant Target was negligent in failing to exercise reasonable care to warn Plaintiff of, or safeguard him from, the unreasonably dangerous condition.

24. As a direct and proximate result of Defendant Target's negligence, Mr. McFarland suffered substantial injuries, incurred costly medical expenses, and experienced other significant specific and general damages.

**COUNT TWO**

**(Negligence)**

25. Plaintiff re-alleges and incorporates paragraphs 1 – 24 above as if fully set forth

herein.

26. Defendant Target had an affirmative duty to prevent dangerous conditions and/or activates from occurring on their premises.

27. Defendant Target had an affirmative duty to take reasonable steps to ensure the safety of all those lawfully on their premises.

28. Defendant Target negligently, carelessly, and recklessly failed to provide a safe premises and failed to maintain a safe environment for persons lawfully on their premises.

29. By these failures, Defendant Target breached their duty of reasonable care owed to Mr. McFarland, and all other lawful visitors to their premises, and as such, Defendant Target was negligent.

30. As a direct and proximate cause of the Defendant Target's negligence, Plaintiff suffered substantial injuries, incurred costly medical expenses, and experienced other significant specific and general damages.

**DAMAGES**

31. Plaintiff re-alleges and incorporates paragraphs 1 – 30 above as if fully set forth herein.

32. As a direct and proximate cause of the tortious acts or omissions of the Defendants, Plaintiff McFarland sustained personal injuries in the form of pain, discomfort, suffering, disability, disfigurement and anxiety, and will experience such personal injury in the future.

33. As a further direct and proximate cause of the tortious acts or omissions of the Defendants, Plaintiff McFarland incurred, and will continue to incur in the future, reasonable expenses for necessary medical care, treatment and services.

34. As a further direct and proximate cause of the tortious acts or omissions of the Defendants, Plaintiff McFarland has lost earnings and sustained a decrease in future earning power or capacity.

35. As a further direct and proximate cause of the tortious acts or omissions of the Defendants, Plaintiff McFarland has lost the enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the injury.

36. As a further direct and proximate cause of the tortious acts or omissions of the Defendants, Plaintiff McFarland sustained general damages in excess of the minimum jurisdictional limits of this court.

### DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands a judgment against the Defendants for the following:

1. Compensatory damages in an amount to be proven at trial with interest on that amount at the legal rate from the date of judgment.

2. General damages in an amount to be proven at trial with interest on that amount at the legal rate from the date of judgment;

3. Special damages in an amount to be proven at trial with interest on that amount at the legal rate from the date of judgment;

4. Taxable costs of suit incurred; and

5. Such other and further relief as the court deems just and proper under the circumstances.

DATED this 12th day of November, 2020.

**GRAYSON LAW, PLLC**

By: _____
Jeffrey L. Grayson, Esq.
Attorney for Plaintiff

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Allegretti, Deputy
11/12/2020 1:18:38 PM
Filing ID 12212828

Person/Attorney Filing: Jeffrey L Grayson
Mailing Address: 100 W Boston St., Suite 7
City, State, Zip Code: Chandler, AZ 85225
Phone Number: (480)330-5734
E-Mail Address: jeff@graysonlawaz.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 027470, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Daniel McFarland<br>Plaintiff(s),<br>v.<br>Target Corporation<br>Defendant(s). | Case No.  CV2020-096140<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this

By: Jeffrey L Grayson /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Allegretti, Deputy
11/12/2020 1:18:38 PM
Filing ID 12212826

**GRAYSON LAW, PLLC**
Jeffrey L. Grayson, Esq. (No. 027470)
100 W. Boston St. #7
Chandler, Arizona 85225
Telephone: (480) 535-9650
Facsimile: (480) 535-7641

**LAW OFFICE OF AJ MITCHELL, PLC**
A.J. Mitchell, Esq. (No. 021244)
14555 N. Scottsdale Rd., Suite 170
Scottsdale, AZ 85254
(480) 595.6800 – Telephone
(480) 595.6966 – Facsimile

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DANIEL MCFARLAND, individually, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, a Foreign Corporation; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X, and XYZ PARTNERSHIPS I-X, <br><br> Defendants. | No.   CV2020-096140 <br> **DEMAND FOR JURY TRIAL** <br><br> (Assigned to the Hon. _____) |

Pursuant to Rule 38(f), Arizona Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all triable matters in this case.

DATED this 12th day of November, 2020.

                                      **GRAYSON LAW, PLLC**

                                      By: _____
                                            Jeffrey L. Grayson, Esq.



# Service of Process Transmittal

11/16/2020
CT Log Number 538602729

**TO:** Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

**RE:** **Process Served in Arizona**

**FOR:** Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Daniel McFarland, etc., Pltf. vs. Target Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV2020096140 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/16/2020 at 14:42 |
| **JURISDICTION SERVED:** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/17/2020, Expected Purge Date: 11/22/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.